## CIRCUIT COURT OF THE CITY OF NORFOLK

C. J. Hopkins, Inc.

v.

C. & O. Development Co. et al.

December 7, 1977

Case No. (Law) L-77-1959

By JUDGE JOHN W. WINSTON

C. & O. Development Company has filed a Motion to Quash the attachment, asserting that it did not have title to the goods when attached. The motion based on that ground is denied. An explanation follows.

On or about October 25, 1977, C. & O. Development Company shipped goods (as listed on the Sheriff's return of October 27) via a truck carrier from Kenly, North Carolina, to Norfolk, Virginia. The bills of lading issued by such carrier recited that the goods were consigned to C. & O. Development Co. acct. of H.H. Sheikh Rashid Bin Saeed Al Maktoum, Ruler, Dubai--Concordia Lines (For S/S Concordia Builder)--c/o Footner & Co., for Acct. of C. & O. Development Co., Norfolk International Terminal, Hampton Blvd., Norfolk, Virginia.

Dock Receipts for the goods were thereafter issued by Concordia Line (through its agent Robert C. Herd and Co., Inc.) to Footner and Company, Inc., as forwarding agent. These receipts showed the shipper as C. & O. Development Company, Kenly, North Carolina, and the consignee as For the Ultimate Account of H.H. The Ruler of Dubai. They recited receipt of the goods by Concordia Line for loading onto the vessel *Concordia Builder* at Norfolk, clean on board, freight prepaid, and for discharge in Dubai. Such receipts assert that Concordia Line took

possession of the goods at Norfolk International Terminals on October 26, 27 and 28, 1977. (The goods received on October 28 were never attached, those received on October 26 and 27 were.)

Because of the attachment of the goods on October 27, 1977, Concordia Line declined to issue a bill of lading and to load them on *Concordia Builder* as agreed and instead released the goods to Footner and Company, Inc., on November 1, 1977.

Dock receipts were then issued to Footner and Company, Inc., as forwarding agent by Barber Steamship Lines, Inc. (through its agent Ramsay, Scarlett and Company, Inc.) reflecting the shipper as C. & O. Development Co., Kenly, North Carolina, and the consignee as C. & O. Development Co., Dubai, A/C H.H. The Ruler of Dubai. Through them Barber Steamship Lines, Inc., acknowledged receipt of the goods for loading onto the vessel *TSU* at Norfolk, clean on board, freight prepaid and for discharge at Dubai, such possession of the goods being taken by it at Norfolk International Terminals on November 1, 1977.

The goods were loaded on board the *TSU* at Norfolk between November 10 and 14, 1977, and the vessel then sailed for Dubai.

Barber Steamship Lines, Inc., issued its bill of lading # 6 dated November 10, 1977, with rider, to Footner and Company, Inc., which reflected the receipt of the goods on board the *TSU*. The notation "Clean on board, 'Freight prepaid' " appears on its face. Such bill of lading shows the shipper as C. & O. Development Co., Kenly, North Carolina, the consignee as "To Order of C. & O. Development Co., P.O. Box 2086, Dubai, U.A.E., A/C H.H. The Ruler of Dubai," the vessel as *TSU*, port of loading as Norfolk, pier as Norfolk International Terminals, and port of discharge as Dubai.

At all times described above Footner and Company, Inc., was acting as the forwarding agent for C. & O. Development Co., Kenly, North Carolina.

The shipment of the goods via truck carrier from Kenly, North Carolina, to Norfolk, Virginia was under straight bills of lading. C. & O. Development Co. designated itself therein as the consignee at Norfolk. (Plaintiff's Exhibit 7)

The shipment of the goods via the ocean carrier from Norfolk, Virginia, was C.I.F. Dubai. (Virginia Code Section 8.2-320; Defendants' Exhibit 1; Plaintiff's Exhibits 3 and 2; Testimony of Roberto I. Gutierrez.)

The Uniform Commercial Code is in effect in Virginia and is found to control the issue now presented. Virginia Code § 8.1-101 et seq.; Virginia Code § 8.1-105.

The straight bills of lading (Plaintiff's Exhibit 7), the dock receipts (Defendants' Exhibit 1), and the order bill of lading (Plaintiff's Exhibit 2) are all documents of title, issued in the regular course of business by bailees covering identified goods in the bailee's possession. Virginia Code § 8.1-201.

Such straight bills of lading and dock receipts are non-negotiable. Only the order bill of lading. is negotiable. Virginia Code § 8.7-104.

Where a seller has identified goods to a contract by or before shipment, his procurement of a *negotiable* bill of lading to his own order or otherwise reserves in him a security interest in the goods. His procurement of a *non-negotiable* bill of lading .to himself or his nominee reserves possession of the goods as security. Virginia Code § 8.2-505(1)(a) and (b).

Unless otherwise explicitly agreed, title to the goods passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest; and in particular and despite any reservation of a security interest by the bill of lading if the contract requires the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but if the contract requires delivery at destination, title passes on tender there. Virginia Code § 8.2-401(2).

No lien attaches by virtue of any judicial process to goods in the possession of a bailee for which a *negotiable* document of title is outstanding unless the document of title be first surrendered to the bailee or its negotiation enjoined. Virginia Code § 8.7-602; 49 U.S.C.A. § 103.

Applying these legal principles to the facts as stated by the Court, C. & O. Development Co., Kenly, North Carolina, held title to and reserved a security interest in

the goods (or possession as security) from the time they left North Carolina until *after* they were attached by plaintiff Hopkins at Norfolk, Virginia, on October 27, 1977. For under the C.I.F. Dubai arrangement the seller C. & O. Development Co., Kenly, North Carolina, did not complete its performance until after the goods had left Norfolk. Such seller at the time of the attachment on October 27 had merely delivered the goods into the hands of bailee Concordia Line. Such seller still was required to pay the freight, to secure the required insurance, and to exchange the dock receipts for a clean on board Concordia Line negotiable bill of lading. It still had to endorse that bill of lading in blank and to forward it so endorsed with a sight draft and an insurance policy to the Bank at Dubai. Only then was the performance of C. & O. Development Co., Kenly, North Carolina, complete.

Nor was a lien by virtue of the judicial process prevented from attaching to the goods in the hands of the bailee Concordia Line. For such bailee held them pursuant to nonnegotiable dock receipts. It would have been otherwise had such receipts been negotiable.

And the security interest reserved in the goods (or possession as security) by C. & O. Development Co., Kenly, North Carolina, had no adverse effect upon the claims of its own creditors against those goods, whatever may have been the limitations thereby placed on similar claims of the buyer, of the buyer's creditors, or of good-faith purchasers for value.

One further point may be noted. State court in rem and quasi in rem attachment procedures must now pass constitutional muster. *Shaffer* v. *Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). They must meet the minimum contacts standard enunciated in *International Shoe Co.* v. *Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Here C. & O. Development Company has not contested the jurisdiction of this Court and has made a general appearance in this attachment proceeding. So the question is moot. But nevertheless this Court would find that a transaction involving the shipment of tangible goods to and then across the state of Virginia into the hands of a bailee there and the further shipment of those goods out of Virginia including the obtaining and forwarding by an agent of the documents of title and of insurance

establishes such contacts of the foreign corporation within Virginia as to make it reasonable to require C. & O. Development Company to defend this suit here. It was transacting business in Virginia.

Counsel for plaintiff Hopkins are directed to prepare and present a proposed order, after endorsement by counsel, incorporating the ruling of the Court, treating the Motion to Dismiss as a demurrer under Virginia Code § 8.01-536.